## STATEMENT OF FACTS IN SUPPORT OF A COMPLAINT

I, Floriano Whitwell (hereinafter "Your Affiant"), being duly sworn, depose and state as follows:

I am a Senior Inspector with the United States Marshals Service and, as such, I am charged with enforcing all laws in all jurisdictions of the United States, its territories and possessions. My tenure with the United States Marshals Service spans over eleven years.

I am an "investigative or law enforcement officer" within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States, who is empowered by law to conduct investigations of or to make arrests for offenses listed in 18 U.S.C. § 2516. I have been conducting criminal investigations for the past eight years, and I have been a Sex Offender Investigator for four years. I am responsible for investigating crimes involving individuals who are convicted sex offenders and who have failed to register as required by the Sex Offender Registration and Notification Act ("SORNA"), also known as the Adam Walsh Act.

This affidavit is submitted in support of a complaint charging ANDRE HAMMOND with Failure to Register as a Sex Offender, in violation of 18 U.S.C. § 2250(a) and (c)(1).

The facts and information contained in this affidavit are based upon my personal knowledge of the investigation and observations of other law enforcement officers involved in the investigation. This affidavit contains information necessary to support probable cause for this complaint. It is not intended to include each and every fact and matter observed by me or known to the Government.

Based upon the investigation thus far, there is probable cause to believe that from at least January 23, 2010, until the present, HAMMOND has committed the offense of Failure to Register as a Sex Offender in that he has provided false information to the District of Columbia Sex Offender Registry regarding his residence, he has never resided at the address he provided to the District of Columbia Sex Offender Registry, and he has failed to update his residency information with the District of Columbia Sex Offender Registry and the Prince George's County Police Department, Sex Offender Registration Unit. Further, there is probable cause to believe that during the period in which HAMMOND has committed the offense of Failure to Register as a Sex Offender, HAMMOND has committed two crimes of violence under Federal law and the law of the District of Columbia.

On August 26, 2009, HAMMOND was convicted of Misdemeanor Sexual Abuse in District of Columbia Superior Court Case 2009 DVM 135. He was sentenced to 180 days of incarceration, suspended, with one year of supervised probation. He was also ordered to register as a sex offender, for a period of ten years.

On January 23, 2010, HAMMOND initially registered as a sex offender with the District of Columbia Sex Offender Registry. HAMMOND provided a home address of 1200 Delaware Ave, SW, Apt #303, Washington, DC. HAMMOND was classified as a "Class B" Registrant who must register as a sex offender annually for 10 years. HAMMOND signed the Sex Offender


Registration Information Form verifying the submitted registration information and acknowledging his duties and responsibilities as a registered sex offender. The duties include a duty to report any changes of home, work or school addresses, change in motor vehicle information, and any significant changes in physical appearances. The form was also signed by District of Columbia Sex Offender Registry Specialist Yolanda Stokes.

     On January 25, 2011, HAMMOND again registered with the District of Columbia Sex Offender Registry and completed a Sex Offender Verification Form. HAMMOND again provided a home address of 1200 Delaware Ave, SW, Apt #303, Washington, DC. HAMMOND signed the verification form acknowledging his responsibility to inform Court Services and Offender Supervision Agency within 3 days of changing his address or other registration information.

     On January 17, 2012, HAMMOND again registered with the District of Columbia Sex Offender Registry and completed a Sex Offender Verification Form. HAMMOND again provided a home address of 1200 Delaware Ave, SW, Apt #303, Washington, DC.. HAMMOND signed the verification form acknowledging his responsibility to inform Court Services and Offender Supervision Agency within 3 days of changing his address or other registration information.

     On January 7, 2013, HAMMOND registered with the District of Columbia Sex Offender Registry and completed a Sex Offender Verification Form. HAMMOND again provided a home address of 1200 Delaware Ave, SW, Apt #303, Washington, DC. HAMMOND signed the verification form acknowledging his responsibility to inform Court Services and Offender Supervision Agency within 3 days of changing his address or other registration information.

     In December of 2012, the United States Marshals Service (USMS), Sex Offender Investigations Squad (SOIS), assigned to the DC Superior Court Office, began an investigation to determine whether HAMMOND was in compliance with his registration requirements.

     Further investigation has revealed that the property located at 1200 Delaware Avenue, SE, in Washington, DC, is Greenleaf Senior Residence, a senior assisted living community. Witnesses residing in Apartment #303 confirmed that the apartment is occupied by HAMMOND's mother and sister. The witnesses confirmed that while HAMMOND occasionally visited the apartment, he was never a resident.

     From November of 2009 through October of 2011, HAMMOND was a leaseholder and resident of 1314 Southview Drive, Apartment #T-8, in Oxon Hill, Maryland. The co-signer of HAMMOND's lease confirms that HAMMOND was the sole occupant of the one-bedroom apartment located at that address, until his eviction in October of 2011. On July 9, 2013, HAMMOND spoke with SOIS member Deputy United States Marshal (DUSM) Matthew, and admitted that he resided at 1314 Southview Drive, Apt T-8, in Oxon Hill, Maryland but stated that he had been evicted from the residence prior to initially registering as a sex offender with the District of Columbia.

At no time did HAMMOND update the District of Columbia Sex Offender Registry, nor the Prince George's County Police Department, Sex Offender Registration Unit, to reflect his residence at 1314 Southview Drive, Apartment #T-8, Oxon Hill, Maryland.

Following his eviction from 1314 Southview Drive, Apartment #T-8, Oxon Hill, Maryland, HAMMOND began residing with his girlfriend of many years, at 17 42nd Street, NE, Apartment #40, Washington, DC. Witness One (W-1), the leaseholder and occupant of that property, confirms that HAMMOND resided there with her family following his eviction. HAMMOND represented that the 17 42nd Street, NE address was his home address when he filed a police report alleging that a neighbor had threatened him. The incident reported by HAMMOND occurred at 17 42nd Street, NE.

At no time did HAMMOND update the District of Columbia Sex Offender Registry to reflect his residence at 17 42nd Street, NE, Apartment #303, Washington, DC.

On July 9, 2013, HAMMOND went to the DC Sex Offender Registry and submitted new information for a Sex Offender Verification Form. HAMMOND reported his residence as being "Homeless."

On October 15, 2013, HAMMOND was arrested and charged with Second Degree Child Sexual Abuse With Aggravating Circumstances, in DC Superior Court Case Number 2013 CF3 18334. The government alleges in that case that HAMMOND sexually abused the daughter of W-1, his girlfriend of many years. Specifically, the complaining witness disclosed that from approximately December of 2009 through approximately September of 2013, when the complaining witness, D.Y., was between the ages of eleven and fourteen years old, HAMMOND used his hand to touch the genitalia, breasts, and buttocks of D.Y. D.Y. also disclosed that HAMMOND had taken nude photographs of D.Y., and threatened to post the photographs to the internet if D.Y. told anyone of the abuse. On October 25, 2013, DC Superior Court Judge Robert Morin found probable cause to believe that HAMMOND had committed Second Degree Child Sexual Abuse With Aggravating Circumstances.

When HAMMOND was arrested on a warrant for the aforementioned charge, he was apprehended outside of a hotel room in Fredericksburg, Virginia. Immediately prior to his arrest, HAMMOND had been in the hotel room with another adult male and two females, one of whom was sixteen years old, the other eighteen years old. Further investigation revealed that HAMMOND and the other adult male had picked up the two females in the District of Columbia, taken them to a restaurant and gaming establishment in Maryland, and then transported them to Virginia, where they remained at the hotel. At various times HAMMOND engaged in sexual acts with the sixteen year old female. Further investigation revealed that the sixteen year old female initially told HAMMOND that she was seventeen, then told him that she was sixteen. Pursuant to VA Code § 18.2-371, it is illegal for any person eighteen years of age or older to engage in sexual intercourse with a child between the ages of fifteen and eighteen years old.

Pursuant to 42 U.S.C. §§ 16911(2) and (5), and §16913, HAMMOND is a Tier I offender, required to register and keep his registration current in each jurisdiction where he

resides, is employed, or is a student. HAMMOND is required to register as a sex offender in the District of Columbia for a period of ten years, pursuant to 22 D.C. Code §§ 4001(8)(D), 4002(a) and 4011(b)(2)(B). HAMMOND is currently charged in District of Columbia Superior Court Case Number 2013 CF3 18334 with Second Degree Child Sexual Abuse with Aggravating Circumstances, in violation of 22 D.C. Code §§ 3009 and 3020(a)(5). This offense is a "crime of violence" pursuant to 18 U.S.C. § 2250(c) and 23 D.C. Code § 1331(4). Further, there is probable cause to believe that HAMMOND knowingly transported an individual not yet 18 years old from the District of Columbia to the Commonwealth of Virginia, with the intent to engage in criminal sexual activity; that is, to engage in a sexual act with a female under the age of 18, in violation of 18 U.S.C. § 2423(a) and VA Code § 18.2-371. This offense is also a "crime of violence" pursuant to 18 U.S.C. § 2250(c) and 18 U.S. Code § 3156(a)(4)(C).

Based on the above facts, Your Affiant believes there is probable cause to believe that from at least on or about January 23, 2010 through the present, within the District of Columbia and elsewhere, ANDRE HAMMOND committed the offense of Failure to Register, in violation of Title 18, United States Code, Section 2250(a), in that (1) he is required to register under Sex Offender Registration and Notification Act, having been convicted on August 26, 2009 of Misdemeanor Sexual Abuse in District of Columbia Superior Court Case 2009 DVM 135; (2) he traveled in interstate or foreign commerce, having traveled from his residence in Oxon Hill, Maryland, to his new residence at 17 42nd Street, NE, in Washington, DC; and (3) he knowingly failed to register or update a registration as required by the Sex Offender Registration and Notification Act, having failed to update his registration with the District of Columbia Sex Offender Registry. Further, there is probable cause to believe that ANDRE HAMMOND violated Title 18, United States Code, Section 2250(c), in that he committed two crimes of violence under the laws of the District of Columbia and under Federal law while not in compliance with the registration requirements of Section 2250(a).

                                                                SENIOR INSPECTOR FLORIANO WHITWELL
                                                                 United States Marshal Service

Sworn and subscribed to before me this _____ day of February, 2014.

                                                                 United States Magistrate Judge